Rhodes v. The State of Georgia

---

*E. A. RHODES, plaintiff in error, v. THE STATE OF GEORGIA, defendant in error.

(Atlanta, June Term, 1870.)

CONTINUANCE—ABSENCE OF WITNESS—FAILURE TO STATE WHAT PARTY EXPECTED TO PROVE.—Where a defendant made a motion to continue his case, on the ground of the absence of a witness who had been subpœnaed, but did not state what facts he expected to prove by the absent witness:

*Held*, That there was no error in the refusal of the Court to grant the continuance.

NEW TRIAL—VERDICT CONTRARY TO EVIDENCE—QUESTION FOR JURY—DISCRETION OF COURT.—When a motion was made for a new trial on the ground that the verdict of the jury was contrary to the evidence:

*Held*, That there is sufficient evidence in the record to sustain the verdict, if the jury believed the witnesses; that the credibility of the witnesses and the weight to which their evidence was entitled, was a question for the consideration of the jury exclusively, and this Court will not control the discretion of the Court below in refusing to grant a new trial.

Criminal Law. Before Judge Sessions. Cherokee Superior Court. July, 1869.

Rhodes and James Mullins were indicted jointly for horse-

stealing. When Rhodes was about to be tried, his counsel moved for a continuance because of the absence of Mullins' wife who had been subpœnaed, and who was absent without Rhodes' consent; but where she was or what he expected to prove by her, was not stated. The motion' was overruled. They then moved to change the venue because an impartial jury could not be had in said county. In support of this, they examined several citizens who swore that the excitement was very great when the stealing occurred, but that they thought an impartial jury could now be had. That motion was overruled and the trial was begun. That Rhodes and Mullins, with one Baty, were the persons who committed the larceny, was shown by Baty, who had turned States' witness, and one Reese, and by other witnesses testifying to facts corroborative of what Baty said. For the defense, several witnesses testified that they knew Reese's character and would not believe him on oath, and a smaller number testified that they knew it and would believe him. Two witnesses testified that they knew Baty's character and would not believe him. A seventeen year old boy, who was not Rhodes' son, but who said Rhodes and his mother lived together, *undertook to establish an alibi for Rhodes.

After argument had the jury found Rhodes guilty. His counsel moved for a new trial, upon the grounds that the Court erred in not continuing said case, and in not changing the venue, because Baty had been allowed to testify, against him, when it appeared he had been forced to confess the crime by threats of bodily harm, because one Wheeler was. not an impartial juror, because the sheriff who summoned the jury was interested, in that Rhodes had once escaped from him while under said charge, and the sheriff was indicted for his escape, and because the verdict was contrary to the evidence.

Accompanying the record are certain objections as to the jurors, but when they were made or what was done with them, does not appear. It did appear that Baty had been threatened before he confessed. It did not appear that the sheriff was indicted. ·Some one made an affidavit that Wheeler had said before the trial, that Rhodes was a bad man and ought to have his neck broke, but Wheeler swore that the remark was idle, made some time before the trial and never thought of by him afterward, that he was friendly to Rhodes and would have gladly cleared him if his conscience would have allowed it, and that he had given him a fair trial, etc., etc. There was no affidavit by Rhodes or his counsel that what Wheeler had said was not known before the trial. The Court refused a new trial, and error is assigned on each of said grounds.

(The case was here at December Term, 1869, but upon a suggestion of a diminution of the record it was continued.)

W. T. Wofford, by Reporter, for plaintiff in error.

S. C. Johnson, Solicitor General, by James M. Brown, for the State.

WARNER, J.

The error assigned to the judgment of the Court below in this case, is in overruling the motion for a new trial. There was no error in the refusal of the Court to continue the case *on the showing made therefor by the defendant, inasmuch as he did not state what facts he expected to prove by the absent witness, so that the Court could judge of the materiality thereof. There is sufficient evidence in the record to sustain the verdict, if the jury believed the witnesses, and they were the exclusive judges as to their credibility, and as to. the weight to which their testimony was entitled, and in such cases, if in our judgment the verdict was against the weight of the evidence, yet not so decidedly and strongly against the weight of the evidence as to make the verdict illegal, we should not control the discretion of the Court below in refusing to grant a new trial.

Let the judgment of the Court below be affirmed.